DE LONG v. BOARD OF SUPERVISORS OF MUSKEGON COUNTY.

1 ATTORNEYS AT LAW—INDIGENT PRISONERS.
   While it is the duty of an attorney to undertake the defense of an indigent prisoner if ordered to do so by the court, the statute (2 How. Stat. § 9047) expressly relieves him from any obligation to follow the case into another county or into the Supreme Court.

2. SAME—COSTS OF APPEAL—LIABILITY OF COUNTY.
   An attorney, therefore, who, upon his own motion, causes an appeal to be taken to the Supreme Court, cannot enforce a claim against the county for fees and expenses incident to the appeal.

*Certiorari* to Muskegon; Russell, J.  Submitted January 5, 1897.  Decided February 2, 1897.

*Mandamus* by Nelson De Long to compel the board of supervisors of Muskegon county to allow a claim for attorney's fees and expenses incident to an appeal from the conviction of an indigent prisoner. From an order denying the writ, relator brings *certiorari*. Affirmed.

The relator, an attorney at law, was appointed by the circuit court of the county of Muskegon to defend one Smith, an indigent prisoner, charged with the crime of assault with intent to do great bodily harm less than the crime of murder. He was convicted. The relator,

upon his own motion, and without any petition to or order of the circuit court, brought the case to this court by a writ of error. A bill of exceptions was settled. The relator procured the record and his brief to be printed. The case was affirmed by this court. *People* v. *Smith*, 106 Mich. 431. The relator thereupon presented a claim against the respondent for $356.80, of which $200 was for his services and $156.80 for printing the record and brief. The respondent refused to allow the claim, and the relator petitioned the circuit court for the writ of *mandamus* to compel its allowance. The court refused to issue the writ, and the relator has brought the proceeding to this court by the writ of *certiorari*.

*James O'Hara*, for relator.

*Macdonald & Marr*, for respondent.

GRANT, J. (*after stating the facts*). The relator contends that, when an attorney is appointed to defend an indigent prisoner in the circuit court, he has the right, upon his own motion, upon conviction, to appeal the case to the Supreme Court, and that the supervisors of the county are required by law to pay the expenses of printing the record and brief, and for his services in taking the case to this court. If such a right exists, it must be found in the statute. The right of appeal in civil and criminal cases is statutory. Section 9046, 2 How. Stat., as amended by Act No. 96, Pub. Acts 1893, provides for the appointment by the court of an attorney to defend an indicted person when he shall be unable to procure counsel, and that the court shall determine his compensation, which shall not exceed $50. Section 9047 is as follows:

"An attorney shall not, in such case, be compelled to follow a case into another county or into the Supreme Court, and, if he does so, may recover an enlarged compensation, to be graduated on a scale corresponding to the prices above allowed."

These two sections must be construed together. No attorney can defend a prisoner, and subject the county to pay for such expense, without an order of the court. It is the duty of the circuit judge to examine into the circumstances, and determine whether it is his duty to appoint an attorney to defend at the expense of the county. The order of the circuit court is the sole authority for subjecting the county to the expense of the prisoner's defense. Section 9047 means this, and nothing more, viz., the attorney cannot be compelled, even by the order of the court, to follow the case into another county, or into the Supreme Court. The attorney is an officer of the court, and as such is required by law to obey its orders. He may therefore be compelled, though against his wish, to defend the prisoner, when ordered by the court to do so. The purpose of this act is to relieve him from this duty if there be a change of venue, or an appeal to the Supreme Court. If the prisoner desires the attorney so appointed to follow the case into another county, he must obtain an order of the court to that effect. If the attorney refuses, as he may, then the court before which the case is to be tried must take care of his rights. If the prisoner desires to have his case reviewed by the court of last resort, he must apply to the court to obtain an order. This was the course pursued in *People* v. *Hanifan*, 99 Mich. 516. It seems impossible of belief that the legislature intended that any attorney defending an indigent prisoner under the order of the circuit court should, upon his own motion, subject the county to the expense of an appeal to this court. It is a consistent view to take that the legislature did intend to provide for the employment and payment of an attorney to follow the case to this court if, in the opinion of the circuit court, the case should be appealed. Upon conviction the presumption of innocence has disappeared, and the presumption of guilt prevails. There may be cases involving questions which should be determined by the court of last resort, and in such cases it would be very proper for the circuit court to

make an order authorizing the prisoner's counsel to appeal the case, and he would then be entitled to compensation under section 9047. If he chooses to appeal the case upon his own motion, he must look to his client for compensation. We are confirmed in this view by the fact that this section was enacted 40 years ago, and has never been construed by the profession or the circuit courts to confer the power now claimed.

The judgment is affirmed.

The other Justices concurred.