Michigan Supreme Court
Lansing, Michigan 48909

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED AUGUST 7, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                             No. 121545

KEITH RICHARD PHILLIPS,

    Defendant-Appellant.

_____

PER CURIAM

A jury convicted defendant of first- and second-degree criminal sexual conduct. MCL 750.520b(1)(b)(i), 750.520c(1)(b)(i). In the Court of Appeals, defendant argued that the circuit court erred by denying his motion for new trial on the basis that the court had denied him his statutory right to a polygraph examination. The Court of Appeals held that defendant had forfeited his right to the examination. We affirm defendant's conviction for reasons other than those stated by the Court of Appeals.

I

On a September afternoon, a police officer on patrol in a rural area of Calhoun County noticed a car parked near the end of an isolated road. When he stopped to investigate, he saw defendant and the victim in the back seat of the vehicle, both unclothed below the waist. Defendant appeared to be significantly older than the victim. When they realized that they were being observed, defendant rapidly removed his hand from between the complainant's legs. After having given them time to dress, the officer spoke with each person privately. The fourteen-year-old victim told the officer that defendant had digitally penetrated her. In addition, the sixty-seven-year-old defendant admitted that he "shouldn't have been messing around with her." The officer advised defendant of his Miranda[1] rights. After acknowledging that he understood those rights, defendant told the officer that he had digitally penetrated the victim.[2]

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] The second count of the information, charging criminal sexual conduct in the second-degree, was based on the age of the complainant and the fact that she lived in the same household as defendant. At the time of the offense, defendant and his wife were in the process of adopting the complainant. On appeal, defendant claimed that insufficient evidence existed to show that he and the complainant were members of the same household. The Court of Appeals rejected this argument.

Before trial, defendant invoked MCL 776.21(5), which provides:

> A defendant who allegedly has committed a crime under [MCL 750.520b to 750.520e and MCL 750.520g] shall be given a polygraph examination orlie detector test if the defendant requests it.

The test was scheduled, but defendant apparently canceled it. A second test was scheduled, but the polygraph examiner refused to conduct the test without a medical release from defendant's doctor because of defendant's heart condition. Defendant did not raise the polygraph issue further before trial.

After the jury had begun its deliberations, defendant objected to the failure to provide the polygraph examination. He demanded a polygraph test regardless of the outcome of the trial. After his conviction, defendant filed a motion for a new trial and demanded a polygraph examination. The circuit court denied the motion. Defendant appealed by right to the Court of Appeals.

Noting that no Michigan case had addressed whether a defendant can invoke, during trial, the right to a polygraph examination, the Court of Appeals turned to its earlier decision in *People v Sterling,* 154 Mich App 223; 397 NW2d 182 (1986). There, the Court observed that a person who has "allegedly" committed a criminal-sexual-conduct offense is entitled to a polygraph examination under MCL 776.21(5). At

3

the time the defendant in *Sterling* requested a polygraph examination, he had already been convicted. Thus, he was no longer simply charged with an offense and was not entitled to the examination.

In this case, the Court of Appeals recognized that, unlike the defendant in *Sterling*, the instant defendant asked for the examination *before* the jury rendered its verdict. Nevertheless, the Court held that the defendant had forfeited his right to a polygraph test. The Court viewed the ability to obtain a polygraph examination as a pretrial right that is extinguished when jeopardy attaches. The Court stated:

> The purpose for affording individuals accused of criminal sexual conduct a right to a polygraph exam is to provide a means by which accused individuals can demonstrate their innocence, thereby obviating the necessity of a trial. We believe that once the trial has commenced and jeopardy has attached, that purpose has been extinguished and a defendant no longer has a right to a polygraph test pursuant to MCL 776.21(5). If a defendant wishes to exercise his right to a polygraph test, he must make his motion to the court before trial. Otherwise, the person's guilt or innocence will be resolved at trial. [251 Mich App 100, 107; 649 NW2d 407 (2002).]

The Court further stated that to permit a defendant to raise this issue in the trial court for the first time after the trial has begun is tantamount to creating an "appellate parachute." *Id*. at 108.

## II

This case requires us to consider the meaning of MCL

4

776.21(5). Statutory interpretation is a question of law that we review de novo. *People v Jones*, 467 Mich 301, 304; 651 NW2d 906 (2002); *Lesner v Liquid Disposal, Inc*, 466 Mich 95, 99; 643 NW2d 553 (2002). When construing a statute, our primary goal is "to ascertain and give effect to the intent of the Legislature." *People v Pasha*, 466 Mich 378, 382; 645 NW2d 275 (2002); *People v Wager*, 460 Mich 118, 123 n 7; 594 NW2d 487 (1999). To do so, we begin by examining the language of the statute. *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and the statute is enforced as written.[3] *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). Stated differently, "a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663

---

[3] The Legislature may have had other reasons for drafting this provision in the manner in which it did. If the results of a polygraph examination indicate that a defendant might not have committed the crime, a victim could reconsider her identification testimony. For the same reason, a prosecutor could reconsider the decision to prosecute or offer a plea bargain. On the other hand, a defendant might use the results to convince character witnesses to testify on his behalf. Even if convicted, favorable polygraph results may help a defendant reconcile with his family or friends. We are also mindful that the results of a polygraph examination are admissible in a motion for new trial. *People v Barbara*, 400 Mich 352, 411-414; 255 NW2d 171 (1977).

(2002). "Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent." *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

III

While the Court of Appeals reached the correct result in this case, it did so for the wrong reason. MCL 776.21(5) extends the right to demand a polygraph examination only to a defendant "who allegedly has committed" an enumerated criminal-sexual-conduct violation. The status of being an alleged perpetrator does not dissipate until the verdict.[4] Because the statute does not otherwise provide for a time limit within which to exercise the right, under the clear and unambiguous language of MCL 776.21(5), the right is lost only when the presumption of innocence has been displaced by a finding of guilt, i.e., when an accused is no longer "alleged" to have committed the offense.[5]

The Court of Appeals reasoning that defendant forfeited his statutory right to a polygraph examination was erroneous.

---

[4] "Upon conviction the presumption of innocence has disappeared, and the presumption of guilt prevails." *DeLong v Muskegon Co Bd of Supervisors*, 111 Mich 568, 570; 69 NW 1115 (1897).

[5] Had the Legislature intended that the right to a polygraph examination be limited to a pretrial procedure, it could have clearly so stated. *People v Rogers*, 140 Mich App 576, 580; 364 NW2d 748 (1985).

6

Forfeiture is the failure to *timely* assert a right. *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000); *People v Carines*, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999). Because defendant asserted his statutory right during jury deliberations, while he was still alleged to have committed the offense, he did not fail to timely assert the right.

Although the Court of Appeals reasoning is erroneous, defendant is not entitled to a new trial or to the administration of a polygraph examination. In cases involving preserved, nonconstitutional error, a defendant must demonstrate, "'after an examination of the entire cause,'" that it "is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). The reviewing court must examine the nature of the error and assess its effect "'in light of the weight and strength of the untainted evidence.'" *Id*. at 495 (citation omitted).

Given the strength of the prosecution's case, it is not more probable than not that the error was outcome-determinative. The police officer saw defendant remove his hand from between the victim's legs, and the victim told the officer that defendant had digitally penetrated her. In addition, defendant confessed to the crimes charged and provided a complete and detailed description of his conduct

and his relationship to the victim. Further, even if defendant had taken and passed a polygraph test, the results would not have been admissible at trial. *People v Ray*, 431 Mich 260, 265; 430 NW2d 626 (1988); *People v Barbara*, 400 Mich 352, 364; 255 NW2d 171 (1977). Moreover, this defendant did not place his request before the court until after the close of proofs and, thus, any test results would have been immaterial to his defense. Therefore, defendant has not demonstrated that the failure to administer the polygraph test was outcome-determinative.

IV

Accordingly, we affirm the judgment of the Court of Appeals for the reasons set forth in this opinion. MCR 7.302(G)(1).

Maura D. Corrigan
Elizabeth A. Weaver
Clifford W. Taylor
Robert P. Young, Jr.

8

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                   No. 121545

KEITH RICHARD PHILLIPS,

    Defendant-Appellant.

_____

MARKMAN, J. (*concurring*).

I would deny leave to appeal because I agree with the Court of Appeals that the purpose of MCL 776.21(5) is essentially to "provide a means by which accused individuals can demonstrate their innocence, thereby obviating the necessity of a trial." 251 Mich App 100, 107; 649 NW2d 407 (2002).[1]  Here, where defendant requested a polygraph

---

[1] However, because I can envision circumstances in which a polygraph examination conducted after the beginning of trial might affect the course of the trial, and because I believe that this is also within the contemplation of MCL 776.21(5), I disagree with the Court of Appeals that a request for a polygraph examination must necessarily precede the trial.

examination after the jury had already begun its deliberations, such an examination could no longer have any effect on the prosecutor in exercising his charging judgment, any effect on defense counsel in fashioning a defense strategy, any effect on the magistrate in binding over defendant, any effect on the jury in assessing defendant's guilt, and any effect on the trial judge in administering the trial or in assessing the sufficiency of the evidence.

Moreover, this is defendant's *third* request in this case for a polygraph examination. His two earlier requests were granted by the court, but an examination was never administered in either instance because of decisions by defendant not to proceed. I do not read MCL 776.21(5) as precluding the trial court, in its conduct of the trial, from taking cognizance of either the timing or the repetitiveness of a defendant's request for a polygraph examination.

Finally, I do not understand how the majority can conclude that the trial court's failure to grant defendant's motion for a polygraph examination, although error, was nonetheless harmless error because defendant "has not demonstrated that the failure to administer the polygraph test was outcome-determinative." *Ante* at 8. How can a defendant *ever* demonstrate that an error pertaining to inadmissible

2

polygraph evidence was outcome-determinative?[2]

By my proposed denial of leave to appeal, I would obtain the same result as the majority, which in turn has obtained the same result as the Court of Appeals.

Stephen J. Markman

---

[2] The majority references the "strength of the prosecution's case" here in finding harmless error. *Ante* at 7. Is this the standard for assessing errors under MCL 776.21(5)? Is there some class of cases in which, despite conviction beyond a reasonable doubt and a judicial determination of the sufficiency of evidence, a conviction nonetheless is subject to reversal under MCL 776.21(5) on the ground that the prosecution's case is of insufficient "strength?"

# S T A T E  O F  M I C H I G A N

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                                          No. 121545

KEITH RICHARD PHILLIPS,

    Defendant-Appellant.

_____

KELLY, J. (*concurring in result*).

I concur in the result only.

I agree that the Court of Appeals erred in ruling that defendant forfeited his right to a polygraph examination by requesting an examination after the close of proofs. MCL 776.21(5) extends to defendants accused of certain crimes the right to obtain a polygraph examination. That right is extinguished if a defendant is found guilty before exercising it. It is not extinguished, as the Court of Appeals found, at the moment jeopardy attaches.

I also agree with the majority that the error did not adversely affect the outcome of defendant's trial. Defendant would not have been able to introduce the results of a polygraph examination. Moreover, he has not argued that the

denial of this statutory right prejudiced his defense.

However, I do not agree that the denial of his right was necessarily harmless. Defendant might have used a favorable polygraph examination result at a postconviction stage. For example, he might have used it in a motion for new trial, to urge a more lenient sentence or for a lower level placement by the Department of Corrections.

Not only has defendant not asserted these claims, he has not requested a polygraph examination in his application for leave to appeal. Accordingly, he has neglected to seek the relief to which he might be entitled. Therefore, I would vacate the portion of the Court of Appeals opinion that addresses defendant's claim under MCL 776.21, but deny defendant's request for a directed verdict or a new trial.

Marilyn Kelly<br>Michael F. Cavanagh

2