ORDER CONCERNING DEFENDANTS MOTION FOR SUMMARY DISPOSITION

WILSON D. BROTT, Chief Judge.
This case arises from an incident which occurred at Turtle Creek Casino operated by the Defendant Grand Traverse Band Gaming Commission which is an agency wholly owned and operated by the Grand Traverse Band of Ottawa and Chippewa Indians (hereinafter “The Tribe”). Plaintiff Dorothy Argyle is alleged to have suffered injuries when she attempted to sit down in a swivel chair located in front of a slot machine and instead fell to the floor.
Defendant filed a motion for summary disposition claiming that it is entitled to dismissal under GTBCR 4.116(C)(7), arguing that the Plaintiffs claim is barred because of sovereign immunity granted by law. GTBCR 4.116(C)(7) states a basis for summary disposition that: “The claim is barred because of release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, an agreement to arbitrate, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action.” Pursuant to GTBCR 4.116(G)(5), “The affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties, must be considered by the court.” Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant. Fletcher v. Grand Traverse Band Tribal Council, —— Am. Tribal Law -, 2004 WL 5714967, Order Regarding Defendants’ Motions for Summary Disposition, at p. -, citing Maiden v. Rozwood, 461 Mich. 109, 119, 597 N.W.2d 817 (1999). The motion is properly granted when the undisputed facts establish the moving party is entitled to immunity granted by law. By Lo Oil Co. v. Dep’t of Treasury, 267 Mich.App. 19, 26, 703 N.W.2d 822 (2005).
Defendant also argues that it is entitled to summary disposition under GTBCR 4.116(0(10), on the ground that there is no genuine issue of material fact, and that Defendant is entitled to summary disposition as a matter of law. The moving party must specifically identify the undisputed factual issues and support its position with documentary evidence. GTBCR 4.116(G)(3)(b); Maiden, supra, at 120, 597 N.W.2d 817. The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. GTBCR 4.116(G)(4); Maiden, supra, at 120, 597 N.W.2d 817. A motion for summary disposition brought under *169 GTBCR 4.116(0(10) tests the factual support of a claim. Hazle v. Ford Motor Co., 464 Mich. 456, 461, 628 N.W.2d 515 (2001). After reviewing the pleadings, affidavits, depositions, admissions, and any other evidence in a light most favorable to the nonmoving party, the court may grant summary disposition under GTBCR 4.116(0(10) if there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law. Morales v. Auto-Owners Ins. Co., 458 Mich. 288, 294, 582 N.W.2d 776 (1998). A genuine issue of material fact exists when reasonable minds could differ after drawing reasonable inferences from the record. West v. General Motors Corp., 469 Mich. 177, 183, 665 N.W.2d 468 (2003).
Plaintiff argues that she should be allowed to conduct full discovery prior to the Court ruling on Defendant’s motion for summary disposition. Plaintiff seeks to investigate other incidents where people have fallen on Defendant’s property. “[A] party opposing a motion for summary disposition because discovery is not complete must provide some independent evidence that a factual dispute exists.” Michigan Nat'l Bank v. Metro Institutional Food Service, Inc., 198 Mich.App. 236, 241, 497 N.W.2d 225 (1993). See also Bellows v. Delaware McDonald's Corp., 206 Mich.App. 555, 561, 522 N.W.2d 707 (1994) (“If a party opposes a motion for summary disposition on the ground that discovery is incomplete, the party must at least assert that a dispute does indeed exist and support that allegation by some independent evidence.”). Michigan’s discovery rules are broadly construed, Shinkle v. Shinkle (On Rehearing), 255 Mich.App. 221, 225, 663 N.W.2d 481 (2003), but the support of open and extensive discovery is not intended to promote “fishing expeditions,” In re Hammond Estate, 215 Mich.App. 379, 386-387, 547 N.W.2d 36 (1996). The mere promise or assertion that facts will be established is insufficient. Maiden v. Rozwood, supra at 121, 597 N.W.2d 817.
As a general rule, the Tribe is immune from suit except where specifically waived. The inherent sovereign immunity of Indian tribes is well-established and has been long recognized in the law. Bonacci v. Tribal Council - Am. Tribal Law -, -, 2003 WL 25836561, *1 (2003), citing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) and Oklahoma, Tax Commission v. Citizen Band of Potawatomi Indian Tribe of Oklahoma, 498 U.S. 505, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991). The United States Supreme Court has consistently held that Indian tribal governments have sovereign immunity unless such immunity has been expressly waived by either Congress or the particular tribal government. Santa Clara Pueblo, at 58, 98 S.Ct. 1670. It is federal law' which provides the parameters for tribal sovereign immunity. Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). This Court concluded in Bonacei that “this Court finds that federal law recognizes the inherent immunity of tribal governments and that there has not been any express waiver of that immunity by Congress.” Bonacci, supra, at —, 2003 WL 25836561at *2.
The issue then becomes whether the Tribe has waived its sovereign immunity. Prior decisions have interpreted the Tribal Constitution’s provision in Article XIII, Section 2(a), to allow suit against Tribe to enforce rights afforded under the Constitution, ordinances and resolutions of the Tribe. As succinctly stated by this Court in Bonacei:
The Grand Traverse Band of Ottawa and Chippewa Indians Tribal Constitu *170 tion contains a general prohibition against waivers of immunity by the Tribal Council except as provided by the Constitution itself in Article XIII. See The Grand Traverse Band, of Ottawa and, Chippewa Indians Tribal Constitution, Article XIII, Section I. There are two exceptions expressly provided in Article XIII. One is for suits against the Grand Traverse Band in Tribal Court by tribal members. This waiver is for the limited purpose of enforcing rights and duties established by tribal law in suits by tribal members against tribal officials in their official capacities. See Id., Article XIII, Section 2(a). Furthermore, the relief available for enforcement does not include damages. See Id., Article XIII, Section 2(b). The second exception provided is for the furtherance of tribal business enterprises. See Id,., Article XIII, Section 1. This exception requires a resolution approved by an affirmative vote of five of the seven members of the Tribal Council.
Bonacci, supra, at -, 2003 WL 25836561 at *2.
The Defendant argues that the Plaintiffs claim is barred under the Tribal Code, specifically 6 GTBC § 104, which provides for a limited waiver of sovereign immunity, and states as follows:
(a) The sovereign immunity of the Tribe shall continue except to the extent that it is expressly waived by this ordinance. Members of the Tribal Council remain immune from suit for actions taken during the course and within the scope of their duties as members of the Tribal Council.
(b) The Gaming Commission may be sued solely in the Grand Traverse Band of Ottawa and Chippewa Indians Tribal Court. The Tribe has not waived the immunity of the Gaming Commission from suit in state or federal court.
(c)The sovereign immunity of the Gaming Commission is waived in the following instances:
(1) Injuries proximately caused by the negligent acts or omissions of the Gaming Commission;
(2) Injuries proximately caused by the condition of any property of the Gaming Commission provided the claimant establishes that the property was in a dangerous condition;
(3) Injuries proximately caused by the negligent acts or omissions of Tribal security officers arising out of the performance of their duties during the course and within the scope of their employment.
(Emphasis added). Defendant essentially argues that the Plaintiff’s injuries were not caused by a “dangerous condition” as provided in 6 GTBC § 104(c)(3) above.
“Dangerous condition” as used in Title 6 of the GTB Code is defined in 6 GTBC § 102(g) as follows:
(g) “Dangerous Condition” means a physical aspect of a facility or the use thereof which constitutes an unreasonable risk to human health or safety, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent acts or omissions of the Gaming Enterprise in constructing or maintaining such facility.
(1) For the purpose of this subsection, a dangerous condition should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered.
*171 (2) A dangerous condition shall not exist solely because the design of any facility is inadequate nor due to the mere existence of wand, water, ice or temperature by itself, or by the mere existence of natural physical condition.
(3) Nothing in this section shall preclude an accumulation of water, snow or ice from being found to constitute a dangerous condition when the Gaming Enterprise fails to use existing means available to it for the removal of such accumulation and w'hen the Gaming Enterprise had notice of such accumulation and reasonable time to act.
 The issue of interpretation of the scope of the limited waiver of sovereign immunity as it relates to the “dangerous condition” exception to sovereign immunity appears to be an issue of first impression. When construing a statute, the primary goal is to give effect to the intent of the Tribal Council. Cf. People v. Phillips, 469 Mich. 390, 395, 666 N.W.2d 657 (2003). When a statute is clear and unambiguous, the Tribal Council is presumed to have intended the plain meaning of the statute, and the statute must be enforced as written. Id. Only if a statute is ambiguous may a court go beyond its language to ascertain the Tribal Council’s intent. Id.
In the present case, in order to qualify for the waiver of sovereign immunity, the Plaintiff must be able to establish that her injuries were proximately caused by the condition of any property of the Gaming Commission provided the claimant establishes that the property was in a dangerous condition. 6 GTBC § 104(c)(2). The argument focuses on whether the swivel chair Plaintiff attempted to sit on equates to a “dangerous condition,” and whether the statutory provision was intended to apply to fixtures such as chairs.
The Court does not need to reach the issue of whether a swivel chair or any other fixture can be construed as a “physical aspect of a facility or the use thereof,” under 6 GTBC § 102(g). Rather this Court concludes that a swivel chair does not in and of itself constitute an “unreasonable risk to human health or safety” as contemplated under 6 GTBC § 102(g). Nor has Plaintiff provided any evidence to show that her injuries were proximately caused by any negligence on the part of Defendant. There has been no evidence presented to suggest there was a defect in the chair, nor that the chair was not properly constructed or maintained by Defendant. After reviewing the evidence presented to the Court in a light most favorable to the Plaintiff, there has been presented no issue upon which reasonable minds could differ after drawing reasonable inferences from the record. There is no evidence presented which shows that anything other than Plaintiffs own negligence in attempting to sit in the swivel chair caused her fall and thus her injuries. That there may be other incidents of people falling in a facility that sees thousands of visitors does not in and of itself present evidence of negligence on the part of the Defendant. As a result, this Court must grant Defendant’s motion for summary disposition pursuant to both GTBCR 4.116(C)(7) and (C)(10).
THEREFORE, IT IS HEREBY ORDERED that Plaintiffs complaint is dismissed with prejudice, and this case shall be closed.