# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHUN TERRELL HOWELL,

        Defendant-Appellant.

UNPUBLISHED
February 24, 2015

No.   318698
Wayne Circuit Court
LC No.   13-003793-01-FH

Before:  SERVITTO, P.J., and STEPHENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e (multiple variables).  Defendant was sentenced to five years' probation, with multiple conditions, for the convictions.  We affirm.

This case arises from two incidents of sexual assault at Cass Technical High School in Detroit, Michigan.  Defendant first argues that the prosecution improperly suppressed evidence favorable to him in violation of his right to due process of law when a videotape recording of the lunchroom of the high school on the date of the second incident was deleted before trial.  Alternatively, defendant argues that the prosecution acted in bad faith in failing to preserve the videotape recording.  We disagree.

"A determination regarding whether a party has received due process is a question of law reviewed de novo."  *People v Odom*, 276 Mich App 407, 421; 740 NW2d 557 (2007).  " '[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.' "  *People v Chenault*, 495 Mich 142, 149; 845 NW2d 731 (2014), quoting *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963).  In *Chenault*, the Michigan Supreme Court held that a "*Brady*" violation occurs when "(1) the prosecution has suppressed evidence; (2) that is favorable to the accused; and (3) that is material."  *Chenault*, 495 Mich at 150.  The Court clarified that "[t]he government is held responsible for evidence within its control, even evidence unknown to the prosecution, without regard to the prosecution's good or bad faith."  *Id*. (citations omitted).  In order to establish that the prosecution improperly suppressed evidence, the defendant must show that the evidence favorable to the defense was in the prosecution's possession.  *People v Cox*, 268 Mich App 440, 448; 709 NW2d

-1-

152 (2005). "Evidence is favorable to the defense when it is either exculpatory or impeaching." *Chenault*, 495 Mich at 150. To show materiality, a defendant must show a reasonable probability that the result of the proceeding would have been different if the prosecution had disclosed the evidence to the defense. *Id*. " 'A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.' " *Id*. (citation omitted). Thus, the issue is whether the defendant received a fair trial even without the suppressed evidence. See *id*. at 150-151. "In assessing the materiality of the evidence, courts are to consider the suppressed evidence collectively, rather than piecemeal." *Id*. at 151.

Defendant fails to show that the prosecution suppressed the videotape recording of the lunchroom on the day of the second incident because neither the prosecution nor the police ever possessed the videotape recording of the lunchroom. Instead, Detroit Police Officer Jeffery Manson, the officer in charge of the case, testified that the videotape recording had been deleted before he served the discovery order. Officer Manson unfortunately never even viewed the videotape and relied on the oral report from Detroit Public Schools employee Monica Moore who viewed a portion of the tape and asserted that she did not observe any wrongful conduct on the part of the defendant. Officer Manson stated at trial that he could have requested that the videotape be saved but Officer Manson's ability to request that Moore save the videotape did not rise to the level of possession or control of the videotape recording by the prosecution. See *Chenault*, 495 Mich at 150. In addition, there was no evidence that the prosecution improperly suppressed the evidence. According to the prosecutor, the prosecution did not learn that the videotape no longer existed until April 18, 2013, which was after the videotape recording had been deleted. Angelo Murphy, a security system service employee for Wiltec Technologies, testified that the videotape recording was deleted in a software upgrade during the first week of April 2013. Thus, defendant fails to show that the prosecution or the police ever had possession of the videotape recording of the lunchroom during the lunchroom incident, and that the prosecution suppressed the videotape recording. See *id*.

Defendant also fails to show that the prosecution acted in bad faith in failing to preserve the videotape recording. The United States Supreme Court has held that a different test applies to a state's failure to preserve material evidence that might have exonerated a defendant if its contents were known. *Arizona v Youngblood*, 488 US 51, 57; 109 S Ct 333; 102 L Ed 2d 281 (1988). In *Youngblood*, the United States Supreme Court held that a defendant must show that the state acted in bad faith in failing to preserve evidence that had the potential to be useful to the defense. *Id*. at 58. This Court clarified that a violation of a defendant's due-process rights occurs "if the state, in bad faith, failed to preserve material evidence that might have exonerated the defendant." *People v Heft*, 299 Mich App 69, 79; 829 NW2d 266 (2012). The defendant has the burden to show that the state acted in bad faith and that the evidence was potentially exculpatory. *Id*.

There is no evidence that the prosecution or Officer Manson purposely caused the videotape to be destroyed. Instead, Murphy testified that the videotape recording was deleted during a system upgrade in the first week of April 2013. Murphy learned that the videotape recording had been deleted when he attempted to retrieve the videotape recording. Officer Manson testified that he was unsure when the videotape had been deleted, but he attempted to serve a discovery order for the videotape on Cass Technical High School on April 9, 2013. Officer Manson also attempted to meet with Moore regarding the videotape on April 18, 2013. Officer Manson

acknowledged that he could have requested a copy of the videotape recording. Officer Manson did not believe that the videotape was necessary, however, because Moore told him that she failed to see anything on the video, and Officer Manson had no reason to doubt her veracity. Regardless of whether Officer Manson should have requested a copy of the videotape recording, his failure to do so did not constitute bad faith. See *Heft*, 299 Mich App at 79.

Defendant also briefly argues that defense counsel was ineffective for failing to renew a motion to dismiss before trial. However, the issue is not properly before this Court because defendant failed to raise the issue in his statement of the questions presented. See MCR 7.212(C)(5); *People v Unger*, 278 Mich App 210, 262; 749 NW2d 272 (2008). Therefore, defendant's claim fails.

Even if defendant had not abandoned the issue, his claim would still fail. A defendant preserves the issue of ineffective assistance of counsel by raising the issue in a motion for a new trial or a motion for a *Ginther*[1] hearing in the trial court. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). Defendant failed to raise the issue in a motion for a new trial or a *Ginther* hearing. Therefore, the issue is unpreserved. See *id*.

This Court reviews an unpreserved issue of ineffective assistance of counsel for "mistakes apparent on the record." *Petri*, 279 Mich App at 410. A claim of ineffective assistance of counsel involves issues of both law and fact. *Id*. "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id*.

To show ineffective assistance of counsel, a defendant must establish that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). As stated above, the prosecution did not improperly suppress or fail to preserve the videotape recording. Therefore, defense counsel did not render ineffective assistance because a motion to dismiss would have been meritless. See *id*.

Defendant next argues on appeal that the trial court abused its discretion when it ruled that the prosecution attempted to comply with a discovery order for the videotape recording. We disagree.

"A trial court's decision regarding discovery is reviewed for abuse of discretion." *People v Phillips*, 468 Mich 583, 587; 663 NW2d 463 (2003). "An abuse of discretion occurs when trial court's decision is outside the range of principled outcomes." *People v Duenaz*, 306 Mich App 85, 90; 854 NW2d 531 (2014).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

The trial court did not abuse its discretion in ruling that the prosecution did not violate the discovery order and that any future motions or requests for instructions would be denied. The discovery order was entered on April 9, 2013. According to the prosecutor, she did not learn that the videotape recording had been destroyed until April 18, 2013. The police did not possess the videotape when it was destroyed. As stated above, the prosecution did not improperly suppress or fail to preserve the videotape recording. Thus, the trial court did not abuse its discretion in ruling that the prosecution complied with the discovery order and in refusing to consider any future motions or requests for jury instructions on the issue. See MCR 6.201(J) (giving a trial court discretion to structure a remedy for a discovery violation).

Defendant next argues that he was denied his statutory right to a polygraph examination under MCL 776.21(5) because he expressed his desire to take a polygraph examination and his request was denied. We disagree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). The only mention of a polygraph examination during trial occurred when defense counsel argued that the question and answer in defendant's statement to the police regarding defendant's willingness to take a polygraph examination should not be redacted from the copy of the police report that would be submitted to the jury. However, defendant never requested to take a polygraph examination, and the issue of whether defendant had the statutory right to take a polygraph examination under MCL 776.21(5) was never raised, addressed, or decided at the trial court level. Therefore, the issue is unpreserved. See *Metamora Water Serv, Inc*, 276 Mich App at 382.

This Court reviews unpreserved nonconstitutional issues for plain error affecting defendant's substantial rights. *People v Grant*, 445 Mich 535, 547-550; 520 NW2d 123 (1994). A defendant must show the following: "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). With regard to the final requirement, the defendant must show prejudice, or that the error affected the trial's outcome. *Id.*

MCL 776.21(5) provides, "A defendant who allegedly has committed a crime under [MCL 750.520b to 750.520e and MCL 750.520g], shall be given a polygraph examination or lie detector test *if the defendant requests it.*" (Emphasis added.) A defendant has the right to a polygraph examination under the statute until he or she is found guilty of the offense. *People v Phillips*, 469 Mich 390, 396; 666 NW2d 657 (2003).

Defendant never requested a polygraph examination. During trial, on August 7, 2013, the prosecution showed the trial court a redacted copy of defendant's statement to the police. Defense counsel pointed out that defendant was asked whether he was willing to take a polygraph test, and defendant's response was that he would. We agree that defendant's statement to the police indicates that defendant was willing to take a polygraph examination. However, defendant never requested to take a polygraph examination. Therefore, defendant failed to assert his right to a polygraph examination. See *Phillips*, 469 Mich at 396.

Defendant also states in his questions presented that defense counsel was ineffective for failing to move for a polygraph examination even though he was aware that defendant wanted to take one. We disagree.

As discussed above, a defendant preserves the issue of ineffective assistance of counsel by raising the issue in a motion for a new trial or a motion for a *Ginther* hearing in the trial court. *Petri*, 279 Mich App at 410. Defendant did not bring a motion for a new trial or a *Ginther* hearing in the trial court. Therefore, the issue is unpreserved. See *id*.

This Court reviews an unpreserved issue of ineffective assistance of counsel for "mistakes apparent on the record." *Petri*, 279 Mich App at 410. A claim of ineffective assistance of counsel involves issues of both law and fact. *Id*. "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id*.

In order to establish ineffective assistance of counsel, a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. There is a strong presumption that defense counsel's conduct was part of a sound trial strategy. *Id*. at 52.

Defendant has abandoned the argument on appeal because he failed to argue this assertion in his brief and does not cite to relevant legal authority. See *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."); *People v Ackerman*, 257 Mich App 434, 450; 669 NW2d 818 (2003) ("the failure to cite any supporting legal authority constitutes abandonment of an issue").

Furthermore, even if there was a basis to find that defense counsel's performance was deficient for failing to file a motion, defendant is unable to show that, but for defense counsel's errors, the result of the proceeding would have been different. Since the results of the polygraph examination were inadmissible at trial, and defendant failed to establish how the results of the polygraph examination would have affected the outcome of the trial. See *Phillips*, 469 Mich at 397. Therefore, defense counsel was not ineffective for failing to bring a motion in the trial court for a polygraph examination. See *Trakhtenberg*, 493 Mich at 51.

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly