# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 23, 2016

Plaintiff-Appellee,

v

No. 323793
Wayne Circuit Court
LC No. 11-001735-FC

TOMMY BROWN,

Defendant-Appellant.

Before: STEPHENS, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his sentence of seven counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b)(*ii*) (the victim being at least 13 but less than 16 years of age and defendant is related to the victim by blood or affinity to the fourth degree), and one count of dissemination of sexually explicit matter to minors, MCL 722.675. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to concurrent terms of 25 to 50 years' imprisonment for each first-degree criminal sexual conduct conviction, and 5 to 15 years' imprisonment for the dissemination of sexually explicit matter to minors conviction. We affirm defendant's sentence, but remand to the trial court to determine whether the $600 in court costs imposed by the trial court were reasonably related to the actual costs incurred by the trial court.

Between July 23, 2010, and August 3, 2010, defendant sexually assaulted his 15-year-old granddaughter on several occasions and, on one occasion, showed her sexually explicit materials. The granddaughter told her mother what had been occurring and they contacted authorities. Defendant was subsequently charged with seven counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b)(*ii*), and one count of distributing sexually explicit matter to minors, MCL 722.675. After a four day jury trial, defendant was convicted of all charges. Defendant was ultimately sentenced, as a fourth habitual offender, MCL 769.12, to consecutive terms of 40 to 60 years' imprisonment for all seven first-degree criminal sexual conduct convictions, and a concurrent sentence of 5 to 15 years' imprisonment for the distribution of sexually explicit matter to minors conviction. The trial court also assessed defendant $600 in court costs.

On July 30, 2013, this Court affirmed defendant's convictions and sentences. *People v Brown*, unpublished opinion per curiam of the Court of Appeals, issued July 30, 2013 (Docket No. 308510), p 1. This Court held that defendant's consecutive sentences for his seven first-degree criminal sexual conduct convictions were authorized by MCL 750.520(b)(3). *Id*. at 3-4.

-1-

Defendant then sought leave to appeal to the Michigan Supreme Court. In lieu of granting leave to appeal, the Court vacated defendant's sentences for his first-degree criminal sexual conduct convictions, holding that, pursuant to MCL 750.520b, the trial court only had discretion to impose consecutive sentences for, at most, three of defendant's criminal sexual conduct convictions. *People v Brown*, 495 Mich at 962-963; 843 NW2d 962 (2014). The Court remanded to the trial court for resentencing. *Id*.

Defendant was resentenced to 25 to 50 years' imprisonment for each first-degree criminal sexual conduct conviction, and 5 to 15 years' imprisonment for the dissemination of sexually explicit matter to minors conviction, with each term of imprisonment to be served concurrently. The trial court also sentenced defendant to lifetime electronic monitoring and upheld its original assessment of $600 in court costs against defendant.

Defendant first argues that the trial court lacked statutory authority to assess $600 in court costs. We disagree, but remand for the trial court to determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court.

The defendant must object to the assessment of costs and attorney fees at sentencing in order to preserve the issue for appellate review. *People v Konopka*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Defendant failed to object to the trial court's assessment of court costs at his original sentencing and his resentencing. Therefore, this issue is unpreserved for appeal.

This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order to avoid forfeiture of the issue, (1) error must have occurred (2) the error must have been plain, i.e., clear or obvious and (3) the plain error affected the defendant's substantial rights. *Id*. (citation omitted). This third requirement is satisfied if the defendant can demonstrate prejudice, i.e., that the error affected the outcome of the lower court proceedings. *Id*. If the defendant satisfies these three requirements, this Court will only grant reversal when the plain error resulted in the conviction of an innocent defendant or "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 763-764. To the extent that this issue requires the interpretation of a statute, "[s]tatutory interpretation is a question of law that we review de novo." *People v Phillips*, 469 Mich 390, 394; 666 NW2d 657 (2003) (citation omitted).

Before an October 17, 2014 amendment, MCL 769.1k(1)(b)(*ii*) stated that a trial court had the authority to impose "Any cost in addition to the minimum state cost set forth in subdivision (a)." The Michigan Supreme Court addressed the meaning of this language in *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014), superseded by statute as stated in *Konopka*, 309 Mich App 345. The Court held that the statute "does not provide courts with the independent authority to impose 'any cost.' " *Id*. at 158. Instead, the Court held that the statute "provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute." *Id*.

After the Court's ruling in *Cunningham*, the legislature amended MCL 769.1k to state that a trial court may impose "[a]ny cost authorized by the statute for a violation of which the defendant entered a plea of guilty [or] . . . any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case."

MCL 769.1k(1)(b)(*ii*)-(*iii*). The amended act "applies to all fines, costs, and assessments ordered or assessed under section 1k . . . before June 18, 2014, and after the effective date of this amendatory act [October 17, 2014]." 2014 PA 352, enacting § 1. The amended version of MCL 769.1k was upheld by this Court in *Konopka*, 309 Mich at 358-359.

In light of the legislature's amendment of MCL 769.1k after the Court's decision in *Cunningham*, the trial court's imposition of court costs was not erroneous. "When a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly." *Mayor of Detroit v Arms Tech, Inc*, 258 Mich App 48, 65; 669 NW2d 845 (2003), quoting *Plaut v Spendthrift Farm, Inc*, 514 US 211, 226-227; 115 SCt 1447; 131 L Ed 2d 328 (1995). Since the costs were originally assessed on January 5, 2012, i.e., prior to June 18, 2014, and were never vacated on defendant's prior appeal, and were reaffirmed at defendant's resentencing, the amended act applies to the court costs, and thus, the imposition of costs, in and of itself, was not erroneous. However, the trial court did not establish a factual basis, under the amended statute, for the $600 in costs imposed. Therefore, a remand is necessary to determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(*iii*). *Konopka*, 309 Mich App at 359-360.

Defendant next argues that the trial court engaged in judicial fact finding to raise his minimum sentencing range in contravention of the United States Supreme Court's decision in *Alleyne v United States*, 570 US ___, ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). In light of the Michigan Supreme Court's decision in *Lockridge*, 498 Mich 358, we agree that the trial court engaged in judicial factfinding. On the specific circumstances of this case, however, defendant is not entitled to resentencing.

At resentencing, defendant was assessed a total of 95 offense variable (OV) points, with OV 4 and OV 10 being assessed at 10 points each and a total of 80 prior record variable (PRV) points. This placed defendant within the sentencing guidelines range of 225 to 750 months' imprisonment (taking into account defendant's fourth habitual offender status). Defendant did not object to the scoring of OV 4 or OV 10 at sentencing on the basis of an *Alleyne* error. Therefore, this issue is unpreserved for appeal. See *People v Steanhouse*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 318329); slip op at 21.

A Sixth Amendment challenge presents a question of constitutional law that the Court reviews de novo. *Lockridge*, 498 Mich at 373. As stated above, this Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *Carines*, 460 Mich at 763.

In *Lockridge*, the Michigan Supreme Court held that Michigan's sentencing guidelines scheme violates the Sixth Amendment to the extent that it requires judges to find by a preponderance of the evidence facts beyond those admitted by a defendant or found by the jury that are then used to compel an increase in the mandatory minimum punishment a defendant receives. *Lockridge*, 498 Mich at 364. The Court held that in order for a defendant sentenced before July 29, 2015, to be eligible for a remand for reconsideration of his sentence, the defendant must first demonstrate that his OV level was calculated using facts not found by a jury beyond a reasonable doubt or admitted by the defendant. *Id*. at 395. The defendant must also make a showing that, without this erroneous calculation, he would have fallen within a different

minimum sentencing range. *Id*. If the defendant can satisfy these requirements, and provided that there was no upward departure in his sentence, he is entitled to a remand to the trial court to determine whether the court would have imposed a materially different sentence but for the unconstitutional constraint on its sentencing discretion. *Id*. at 395.

Here, defendant's OV level was indeed calculated using facts not found by the jury beyond a reasonable doubt or admitted by defendant. Defendant was assessed a total 95 OV points, with 10 points being assessed for both OV 4 and OV 10. MCL 777.34 directs the trial court to score OV 4 at 10 points where "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). MCL 777.40 directs the trial court to score OV 10 at 10 points where "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). While these OVs were not directly addressed at sentencing, the trial court apparently found that the victim suffered serious psychological injury requiring professional treatment and that defendant exploited his relationship with the victim when it scored OVs 4 and 10 at 10 points each. These were not elements of first-degree criminal sexual conduct or dissemination of sexually explicit matters to minors.

In order to convict defendant of first-degree criminal sexual conduct pursuant to MCL 750.520b(1)(b)(*ii*), the prosecution had to prove beyond a reasonable doubt that defendant engaged in sexual penetration, the other person was at least 13 but less than 16 years of age, and the defendant is related to the victim by blood or affinity to the fourth degree. *People v Legg*, 197 Mich App 131, 132; 494 NW2d 797 (1992). A defendant is guilty of dissemination of sexually explicit matter to minors if the prosecution proves beyond a reasonable doubt that defendant "knowingly exhibit[ed] to a minor a depiction of nudity, sexual excitement, erotic fondling, sexual intercourse, or sadomasochistic abuse that is harmful to minors." *People v Lockett*, 295 Mich App 165, 181; 814 NW2d 295 (2012). Therefore, the facts used to score OVs 4 and 10 were not found by the jury beyond a reasonable doubt or admitted to by defendant.

Defendant cannot, however, demonstrate that without the erroneous calculation of these OVs, his minimum sentence would have been different. It is true that he would have fallen within a different minimum sentencing range under the guidelines. With 95 OV points and 80 prior record variable (PRV) points assessed against him, defendant was placed in the F-V cell of the sentencing grid for Class A offenses. MCL 777.62. That cell mandates a minimum sentence range of 225 to 375 months' imprisonment (225 to 750/life if the defendant is a fourth habitual offender). MCL 777.62. If the 20 points for OVs 4 and 10 had not been assessed, defendant would have been in the F-IV cell of the sentencing grid, which calls for a minimum sentence range of 171 of 285 months' imprisonment (171 to 570 for a fourth habitual offender). MCL 777.62. However, the fourth habitual offender statute, MCL 769.12(1) provides that if a person has been convicted of three or more felonies the person shall be punished upon conviction of the subsequent felony as follows:

> (a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, and 1 or more of the prior felony convictions are listed prior felonies, the court shall sentence the person to imprisonment for not less than 25 years. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only.

"Serious Crime" is defined in MCL 769.12(6)(c) to include MCL 750.520b (first-degree criminal sexual conduct). Thus, defendant's subsequent felony is a "serious crime." MCL 769.12(6)(a) specifies the violations included within the definition of "listed prior felonies" and also includes MCL 750.520b as well as MCL 750.84 (assault with intent to do great bodily harm less than murder), for which defendant was previously convicted. Any one of defendant's seven convictions of first-degree criminal sexual conduct or his assault conviction would thus be considered a listed prior felony. According to MCL 769.12(1)(a), then, defendant was subject to a mandatory minimum sentence of 25 years' imprisonment.

As a result, while defendant can successfully demonstrate that, without the impermissible fact finding that took place during the scoring of OVs 4 and 10, he would have fallen within a different minimum sentencing range under the guidelines, he cannot demonstrate that the trial could would have—or, indeed, could have—imposed a materially different sentence but for the unconstitutional constraint on its sentencing discretion pursuant to *Lockridge*.

We affirm defendant's sentence, but remand to the trial court to determine whether the $600 in court costs imposed by the trial court were reasonably related to the actual costs incurred by the trial court. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto

-5-