# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

COREY FRANK MILLER,

        Defendant-Appellant.

UNPUBLISHED
October 21, 2014

No.  316230
Muskegon Circuit Court
LC No.  12-062584-FH

Before:  BORRELLO, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right from his bench trial conviction for failure to pay child support, MCL 750.165(1).  We affirm.

Defendant argues that the prosecution failed to present sufficient evidence to convict him of the charged crime.[1]

> In ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.  A reviewing court is required to draw all reasonable inferences and make credibility choices in support of the trier of fact's verdict. [*People v Strickland*, 293 Mich App 393, 399; 810 NW2d 660 (2011) (quotation marks and brackets omitted).]

> The elements of the crime of felony nonsupport are (1) the defendant was required by a decree of separate maintenance or divorce order to support a child or current or former spouse, (2) the defendant appeared in or received notice by personal service of the action in which the order was issued, and (3) the defendant failed to pay the required support at the time ordered or in the amount ordered.

---

[1] Whether a defendant's conviction was supported by sufficient evidence is reviewed de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010).

-1-

[*People v Herrick*, 277 Mich App 255, 257; 744 NW2d 370 (2007) (quotation marks and citations omitted); MCL 750.165.]

Only the second element is at issue in this case. The prosecution conceded, below and on appeal, that defendant did not receive personal service of the action in which the support order was issued. However, the prosecution argued, and the trial court agreed, that defendant's actions constituted an "appearance" in the action.

As a preliminary matter, we reject defendant's contention that, to be convicted of failure to pay child support, he must have been personally served with notice of the action in which the support order was issued.[2] MCL 750.165(2) unequivocally states that failure to pay child support "does not apply unless the individual ordered to pay support appeared in, *or* received notice by personal service of, the action in which the support order was issued." (Emphasis added). "The overriding goal of statutory interpretation is to ascertain and give effect to the Legislature's intent[,]" *People v Flick*, 487 Mich 1, 10; 790 NW2d 295 (2010), and the use of the word "or" represents alternatives, *People v Williams*, 288 Mich App 67, 75; 792 NW2d 384 (2010). Accordingly, the intent of the Legislature is that the notice element of failure to pay child support may be established by proving that defendant either received personal service of the action in which the support order was issued or appeared in that action. Moreover, we are bound by our previous opinion in *Herrick*, 277 Mich App at 257, which held that the notice requirement may be satisfied in either manner, and defendant has not persuaded us that *Herrick* was wrongly decided or inconsistent with the statutory language of MCL 750.165. MCR 7.215(J)(1).

Turning to defendant's substantive argument, we find that the prosecution presented sufficient evidence to allow a rational factfinder, in this case the trial court, to find beyond a reasonable doubt that defendant "appeared in" the action in which the support order was issued.

"Two requirements must be met to render an act adequate to support the inference that it is an appearance: (1) knowledge of the pending proceedings and (2) an intention to appear." *Deeb v Berri*, 118 Mich App 556, 564; 325 NW2d 493 (1982) (citations omitted). Indeed, where "a party's actions unequivocally acknowledge the jurisdiction of the court, the Supreme Court has recognized that a single document filed with the court may constitute an appearance." *Id*., citing *Lapham v Tarabusi*, 247 Mich 380; 225 NW 483 (1929).

The trial court found two facts in support of its finding that defendant appeared in the child support action, both of which were supported by the evidence. First, defendant consented to the entry of a child support enforcement order wherein he was ordered by pay $501 per month beginning January 12, 2012. Second, defendant made one support payment, on February 20, 2012. There was also evidence that defendant had been in telephone contact with Friend of the Court caseworkers on at least eight occasions regarding the child support matter, both before and after the entry of the support order. We conclude that these facts, taken in the light most

---

[2] "Statutory interpretation is a question of law reviewed de novo on appeal." *People v Hammons*, 210 Mich App 554, 557; 534 NW2d 183 (1995).

favorable to the prosecution, establish that defendant had knowledge of the pending proceedings, intended to appear, and acknowledged the jurisdiction of the court. Accordingly, we find that the trial court did not err by finding that the prosecution established the necessary elements of failure to pay child support beyond a reasonable doubt.[3]

Defendant also argues that he is entitled to a corrected judgment of sentence.[4] In sentencing defendant to five years probation, the trial court stated, "if you are in perfect compliance with your probation orders and if you can reduce this [child support] arrears to zero, I'd probably let you terminate your probation early, if you can do those things." Defendant now asserts that this alleged condition should be written into the judgment of sentence. We disagree. The trial court did not offer an explicit guarantee that defendant would be released from probation if he brought his arrears to zero. The court merely expressed a willingness to entertain an early probation discharge if defendant complied with his probation, likely in an attempt to encourage defendant to bring his arrears to zero as soon as possible. There is no indication that the court intended such an explicit condition or guarantee to be included in the judgment of sentence and so defendant cannot establish that its exclusion constituted a "clerical mistake." MCR 6.435(A). The failure to include the trial court's statement in the judgment of sentence also does not prevent the ending defendant's probation if he brings his arrears to zero. MCL 771.2(2) (court may amend a probation "order in form or substance at any time."). Accordingly, defendant cannot establish error nor that his requested relief is warranted.

Affirmed.


/s/ Stephen L. Borrello
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

[3] In his brief on appeal, defendant argues that the district court abused its discretion in binding him over on the charge of failure to pay child support. However, "the presentation of sufficient evidence to convict at trial renders any erroneous bindover decision harmless." *People v Bennett*, 290 Mich App 465, 481; 802 NW2d 627 (2010). Because we conclude that sufficient evidence was presented at trial to convict defendant of the charged crime, any district court error in binding defendant over was harmless.

[4] Defendant did not request correction of the judgment of sentence below. Accordingly, this argument is reviewed for plain error affecting substantial rights. See *People v Pipes*, 475 Mich 267, 279; 715 NW2d 290 (2006).