# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

KEITH ALLEN METZNER,

Defendant-Appellee.

UNPUBLISHED
August 25, 2015

No. 323971
Jackson Circuit Court
LC No. 14-002135-AR

Before: BOONSTRA, P.J., and SAAD and MURRAY, JJ.

PER CURIAM.

The prosecution appeals the order of the Jackson Circuit Court, which affirmed a district court order that suppressed evidence of a blood sample taken from defendant. For the reasons stated below, we reverse the holding of the district court, and remand for entry of an order that admits the evidence.

## I. FACTS AND PROCEDURAL HISTORY

On December 23, 2013, defendant went to a bar in Horton. After spending some time inside, defendant returned to his car, turned on the engine, and passed out in the driver's seat. One of the bartenders saw defendant asleep in the vehicle and called the police. A Jackson County Sheriff's deputy responded to the call, and attempted to rouse defendant by shouting at him and knocking on the car window, but defendant was unresponsive. The deputy then opened the driver's side door (which was unlocked), smelled a strong odor of intoxicants emanating from defendant and the vehicle, and found a "half-empty bottle" of tequila at defendant's feet, along with a case of Bud Light in the passenger's seat. Defendant, whose eyes were "extremely watery and bloodshot," awoke after the deputy opened his car, and told her, in "very slurred" speech, that he had had too much to drink and had no intention of driving anywhere.

Thereafter, the deputy performed standard sobriety tests on defendant, which he failed. The deputy then arrested him for operating a motor vehicle while intoxicated (OWI). Because defendant refused to submit to a breathalyzer or chemical test, the deputy filed an affidavit in support of a search warrant to test defendant's blood. A judge authorized a search warrant within the hour, and the deputy took defendant to the hospital for a blood test. The results of the test confirmed defendant's admission that he had been drinking heavily.

-1-

The prosecution subsequently charged defendant in district court with violation of: (1) MCL 257.625(1)(c), which prohibits operation of a motor vehicle with a blood-alcohol content of 0.17 grams or more; and (2) MCL 257.625(1), which prohibits operating a motor vehicle while intoxicated. Defendant claimed that his arrest was unlawful, and asked the court to dismiss the charges. Specifically, defendant argued that: (1) the search warrant used to obtain his blood sample—which showed that defendant had a blood-alcohol level above 0.17 grams— was invalid, because the affidavit that supported the warrant made no mention of the fact that defendant's car was parked; and (2) he was not "operating" the car under MCL 257.625. The prosecution responded that: (1) the deputy complied with the warrant in good faith, meaning that the results of the blood draw could not be excluded from the evidence; and (2) defendant "operated" a vehicle under MCL 257.625 and relevant case law.

The district court granted defendant's motion to quash the search warrant, and suppressed the evidence of the blood test.[1] The prosecution appealed this order to the Jackson Circuit Court, which denied the appeal after a hearing. On appeal to our Court, the prosecution again argues the results of the blood test should be admitted because: (1) the deputy executed the search warrant in good faith[2]; and (2) defendant "operated" his car while he was drunk, and therefore violated MCL 257.625, meaning that the deputy had probable cause to obtain the search warrant. Defendant asks us to uphold the ruling of the district court.

## II. STANDARD OF REVIEW

A trial court's decision to grant or deny a motion to quash is reviewed for an abuse of discretion. *People v Herrick*, 277 Mich App 255, 256; 744 NW2d 370 (2007). An abuse of discretion occurs when "the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). Findings of fact associated with a motion to suppress evidence are reviewed for clear error. *People v Hawkins*, 468 Mich 488, 496; 668 NW2d 602 (2003).

## III. ANALYSIS

---

[1] However, the court did not dismiss the charges against defendant because the prosecution planned to present separate evidence that defendant was already drunk when he arrived at the bar. The broader issue of whether the charges against defendant should be dismissed is not before us on appeal—the parties limit their arguments to whether the district court acted properly when it quashed the search warrant and suppressed evidence of the blood test.

[2] Though the prosecution did not mention the good-faith exception in its application for leave to appeal, it argued the matter before both the district and circuit courts, and also discusses the issue at length in its brief on appeal. Moreover, in his brief on appeal, defendant also contends that a search warrant is *not* subject to the good-faith exception. Accordingly, it is appropriate for our Court to review the parties' arguments on the good-faith exception, as the issue "presents a question of law and all the facts necessary for its resolution are before the Court." *Henderson v Dept of Treasury*, 307 Mich App 1, 8; 858 NW2d 733 (2014).

In 2004, the Michigan Supreme Court held that the Michigan Constitution, like the U.S. Constitution, required courts to limit the exclusionary rule through a "good-faith exception." *People v Goldston*, 470 Mich 523, 541; 682 NW2d 479 (2004).[3] "The good-faith exception provides that when police act in reasonable and good-faith reliance on a search warrant, the items seized need not be suppressed if the warrant is later declared invalid." *People v Keller*, 479 Mich 467, 492; 739 NW2d 505 (2007). A police officer acts in reasonable and good-faith reliance on a search warrant when he acts in accordance with existing cases and statutes. *People v Short*, 289 Mich App 538, 545-547; 797 NW2d 665 (2010).[4] "[T]he [good-faith] exception does not apply if the issuing magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Keller*, 497 Mich at 492 (citation omitted).

In this case, were we to assume that the search warrant and the blood draw it authorized were not based on probable cause, and thus unconstitutional—a matter the prosecution does not concede—the evidence the search warrant produced, namely, the results of the blood test performed on defendant, are admissible. This is because the officer who ordered defendant to submit to a blood test acted in "reasonable and good-faith reliance on a search warrant." *Keller*, 497 Mich at 492. The officer encountered defendant: (1) in the driver's seat of his car; (2) with the engine running; and (3) surrounded by a half-empty (and open) bottle of tequila and case of beer. Defendant and the interior of the car also emitted a strong odor of intoxicants, and defendant himself admitted that he had had too much to drink. And, despite defendant's assertions to the contrary, criminal defendants in Michigan have been found guilty of "operating" a vehicle while intoxicated in similar circumstances. See, for example, *Plymouth v Longeway*, 296 Mich App 1, 2-3; 818 NW2d 419 (2012); and *People v Wood*, 450 Mich 399, 401-402; 538 NW2d 351 (1995).

On the basis of these facts—which the officer accurately recorded in her affidavit—and Michigan case law, when she ordered defendant to submit to a blood test, the officer acted in "reasonable and good-faith reliance" on the search warrant. *Keller*, 479 Mich at 492. The results of the blood test obtained under the aegis of the search warrant are accordingly not subject to the exclusionary rule, and the district court committed an error of law when it held otherwise. We therefore reverse its order that quashed the search warrant, and remand for entry of an order that permits admission of the blood-test results obtained under the search warrant.[5]

---

[3] The Michigan Supreme Court based its decision on *US v Leon*, 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984), which adopted the good-faith exception in its interpretation of the Fourth Amendment to the U.S. Constitution.

[4] See also *Heien v North Carolina*, ___ US ___; 135 S Ct 530, 537; 190 L Ed 2d 475 (2014) ("reasonable mistakes of law, like those of fact, would justify certificates of probable cause").

[5] Because we hold that the results of the blood test may be admitted regardless of the constitutionality of the search warrant, we need not address the prosecution's argument that defendant "operated" the vehicle pursuant to MCL 257.625.

Reversed and remanded.  We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Christopher M. Murray