# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

JOSEPH STEVE MISKOVICH,

      Defendant-Appellee.

UNPUBLISHED
May 26, 2016

No. 325727
Wayne Circuit Court
LC No. 14-008948-FH

Before: BOONSTRA, P.J., and METER and BECKERING, JJ.

PER CURIAM.

The prosecution appeals as of right the circuit court's orders granting defendant's motion to quash the information and dismissing the case. Defendant was charged with one count of resisting and obstructing a police officer, MCL 750.81d(1). We reverse and remand.

## I. BASIC FACTS

The prosecution presented the following evidence: After a Detroit Tigers game, defendant's friend jaywalked near the stadium, and Detroit Police Department Officer Michael Williams started to write the friend a citation. Defendant, irate, confronted Officer Williams regarding the writing of the ticket. Defendant was shouting profanities and the officer was concerned that he "could strike me, strike my blind side." A crowd started to grow around the commotion. Officer Williams told defendant he was now receiving a citation for interfering with a police officer (pursuant to Detroit City Ordinance § 38-2-2). Officer Williams asked defendant to provide identification, but defendant refused. Officer Williams proceeded to attempt to arrest defendant, but defendant struggled by locking his arms and by attempting to run away.

Defendant was charged with resisting and obstructing, MCL 750.81d(1). The district court bound defendant over for trial, but the trial court quashed the information and dismissed the case.

## II. THE TRIAL COURT ERRED IN QUASHING THE INFORMATION

The prosecution argues that sufficient evidence was presented to the district court to bind defendant over for trial for resisting and obstructing, and therefore, the trial court erred in quashing the information. We agree.

-1-

## A. STANDARDS OF REVIEW

"A circuit court's ruling regarding a motion to quash an information and the district court's decision to bind over a defendant are reviewed to determine whether the district court abused its discretion in making its decision." *People v Herrick*, 277 Mich App 255, 256; 744 NW2d 370 (2007) (citation and quotation marks omitted). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Waterstone*, 296 Mich App 121, 132; 818 NW2d 432 (2012). "The decision whether alleged conduct falls within the statutory scope of a criminal law involves a question of law, which this Court reviews de novo." *People v Noble*, 238 Mich App 647, 658; 608 NW2d 123 (1999). Also, "where the decision entails a question of statutory interpretation, the issue is a question of law that we review de novo." *Herrick*, 277 Mich App at 257.

## B. BINDOVER GENERALLY

In deciding whether to bind a defendant over to circuit court, the magistrate at a preliminary examination must "determine whether a felony was committed and whether there is probable cause to believe the defendant committed it." *People v Yost*, 468 Mich 122, 125-126; 659 NW2d 604 (2003). Probable cause exists where the evidence is "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Id*. at 126 (citation and quotation marks omitted). "In order to establish that a crime has been committed, the prosecution need not prove each element beyond a reasonable doubt, but must present some evidence of each element." *People v Redden*, 290 Mich App 65, 84; 799 NW2d 184 (2010). Additionally, "[i]f the evidence conflicts or raises a reasonable doubt concerning the defendant's guilt, the defendant should nevertheless be bound over for trial, at which the trier of fact can resolve the questions." *Id*.

## C. MCL 750.81d(1)

The resisting and obstructing statute, MCL 750.81d, provides, in relevant part:

> (1) Except as provided in subsections (2), (3), and (4) [not applicable here], an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.

The elements of this offense include: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Vandenberg*, 307 Mich App 57, 68; 859 NW2d 229 (2014) (citations and quotation marks omitted). Further, "the prosecution must establish that the officers' actions were lawful." *Id*. (citation and quotation marks omitted).

## D.  DETROIT CITY ORDINANCE § 38-2-2

The sole question in this appeal is whether defendant resisted an arrest that was unlawful. Because resisting and obstructing requires, as an element, that the police actions were lawful to begin with, the question is whether Officer Williams's arrest of defendant under Detroit City Ordinance § 38-2-2 was lawful.  Detroit Ordinances, § 38-2-2, provides:

> It shall be unlawful for any person to knowingly and willfully interfere with or obstruct any city employee in the performance of his duties as a city employee.[1]

Although the ordinance does not provide definitions for the terms "obstruct" and "interfere," we note that MCL 750.81d(7)(a) defines "obstruct" as "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command."  Moreover, *Merriam-Webster's Collegiate Dictionary* (2014) defines "interfere" as "to interpose in a way that hinders or impedes . . . ."  In addition, the Michigan Supreme Court, in discussing a different statute, has provided the following guidance on the concept of "obstructing":

> Because one may threaten to or actually physically interfere with a police officer without threatening to or actually hurting a police officer, we believe that one may physically "obstruct" an officer without necessarily posing a threat to the officer's safety.  For example, one may "obstruct" an officer by placing an object in the way of the officer with the intent of making it less accessible to the officer.  This may pose no real threat to the officer's safety, but it may nevertheless "obstruct" because of the physical barrier interposed to the officer's performance of his duties. [*People v Vasquez*, 465 Mich 83, 94; 631 NW2d 711 (2001).]

## E.  APPLICATION

Sufficient evidence was presented to the district court on each element of MCL 750.81d(1) to support a bindover.  First, evidence was presented that defendant resisted arrest by locking his arms while police tried to handcuff him and by attempting to run away.

Second, evidence was presented that defendant knew or had reason to know that he was resisting a police officer who was performing his duties.  Officer Williams testified that he was working as a traffic patrol officer during the incident, that he was directing traffic, and that he gave a citation to defendant's friend.  This implies that defendant knew or should have known that Officer Williams was a police officer.  Moreover, as will be discussed further in the following section on element three, Officer Williams's arrest of defendant was lawful, and

---

[1] Under MCL 764.15(1)(a), a police officer may arrest a person who violates this ordinance: "A peace officer, without a warrant, may arrest a person . . . [if a] felony, misdemeanor, or ordinance violation is committed in the peace officer's presence."

therefore, defendant had reason to know Officer Williams's actions were in furtherance of his lawful duties.[2]

Third, evidence was presented that Officer Williams's actions were lawful. Officer Williams was acting within the scope of Detroit City Ordinance § 38-2-2 in that he properly arrested defendant for obstructing. Indeed, defendant's conduct could reasonably be viewed as physically obstructive in nature. Officer Williams testified that defendant was aggressively swearing at him while he was writing another person a citation. He further testified that defendant was standing close to him, and the officer's testimony indicated that defendant was imposing in appearance due to the height difference between the two of them. The officer testified that defendant was "right in my face, yelling," and that he feared for his safety. He testified that a crowd started to grow around the loud commotion. He also testified that he was having trouble finishing writing the citation due to defendant's actions. The evidence establishes probable cause that defendant's actions constituted obstruction of Officer Williams's duty of writing the other individual a citation. The fact that defendant was "right in [Officer Williams's] face" significantly hampered Officer Williams's ability to do his job of writing the ticket. Further, defendant's stance—standing next to Officer Williams and in Officer Williams's blind spot—also supports the conclusion that defendant was interfering with Officer Williams's ability to write the ticket insofar as Officer Williams had to pay attention to the growing crowd and the possibility that defendant would strike him. Had defendant merely shouted his profanities towards Officer Williams from a reasonable distance, a different conclusion might be warranted, but that is not the case here.

Defendant frames the issue in this case as one involving the First Amendment, and cites to *City of Houston v Hill*, 482 US 451, 456, 467; 107 S Ct 2502; 96 L Ed 2d 398 (1987), and *People v Rapp,* 492 Mich 67, 86; 821 NW2d 452 (2012)—two cases discussing the limits of what can be said to police officers with impunity. However, neither of these cases applies here because neither of these cases involved a situation where the defendant came right up to a police officer's blind spot, aroused tension through his yelling and aggressiveness (thereby drawing a crowd), and caused the police officer to become reasonably distracted from executing his duties. In *Hill*, 482 US at 454, the defendant merely shouted to a police officer who was writing an acquaintance a ticket, "Why don't you pick on somebody your own size?" The police officer then asked, "[A]re you interrupting me in my official capacity as a Houston police officer?" *Id*. The defendant affirmed that he was, and again asked the police officer to pick on somebody his own size. *Id*. The defendant was arrested and charged under a city ordinance prohibiting "interrupting" police officers executing their duties. *Id*. at 454-455. The United States Supreme Court held the ordinance to be constitutionally overbroad in that it limited speech in violation of the First Amendment. *Id*. at 466-467. In *Rapp*, 492 Mich at 71, a Michigan State University parking enforcement employee ticketed the defendant because of his car, and the defendant started to shout at the employee. The employee, believing the defendant was acting

---

[2] Defendant does not argue that he was unaware that Officer Williams was performing his "duties." The only relevant element in this appeal is whether Officer Williams's actions were "lawful"—the third element.

aggressively, got into his car and waited for police to arrive. *Id*. The defendant was arrested for violating a university ordinance prohibiting anyone from "disrupt[ing] the normal activity" of a university employee. *Id*. at 75. The Michigan Supreme Court struck down the ordinance as facially overbroad, ensnaring too much constitutionally protected speech in its sweep. *Id*. at 81-82, 86. What differentiates these cases from the one here is that these cases did not involve the defendants confronting the police officers physically. Here, as mentioned previously, defendant was in Officer Williams's blind spot, imposingly standing next to him—"in my face"—yelling and drawing a crowd. Defendant's words alone were not what got him in trouble, but his actions. Thus, these cases are distinguishable.

Ultimately, the district court did not abuse its discretion in binding defendant over for trial under MCL 750.81d(1). Sufficient evidence was presented that Officer Williams was acting lawfully when he arrested defendant for violating Detroit City Ordinance § 38-2-2 and that defendant resisted arrest in violation of MCL 750.81d(1). The trial court erred in quashing the information and dismissing the case.

We reverse and remand for reinstatement of one count of resisting and obstructing, MCL 750.81d(1). We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter

-5-