PEOPLE v ROGERS

Docket No. 77046. Submitted January 16, 1985, at Detroit.—Decided February 5, 1985.

Defendant, Robert J. Rogers, was convicted following a bench trial in the Recorder's Court for the City of Detroit of assault with intent to commit criminal sexual conduct involving sexual penetration, Leonard Townsend, J. The record indicates that the defendant requested that he be given a polygraph examination and that the preliminary examination be adjourned to allow for the examination. The examining magistrate refused to adjourn the preliminary examination and denied the request for a polygraph examination. Defendant was bound over for trial after the preliminary examination. About three weeks before the trial proceedings began, the trial court entered an order granting defendant's motion for a polygraph examination. However, the trial court denied defendant's motion to dismiss the information and remand for a new preliminary examination pending the results of the polygraph examination. Defendant appeals. *Held:*

Defendant had an absolute right to receive a polygraph examination once he made a request for it. However, the statute which provides for such an examination is silent about when it must be administered. If the Legislature had intended that the polygraph examinations must be given to a defendant prior to the preliminary examination, the language in the statute would have specifically so stated.

Affirmed.

1. Criminal Law — Evidence — Polygraph Tests.

A criminal defendant who allegedly has committed the crime of first, second, third or fourth degree criminal sexual conduct or assault with intent to commit criminal sexual conduct involving penetration has an absolute right to receive a polygraph

References for Points in Headnotes

[1] 6 Am Jur 2d, Assault and Battery § 13.

[1, 2] 21A Am Jur 2d, Criminal Law § 938.

29 Am Jur 2d, Evidence § 831.

Physiological or psychological truth and deception tests. 23 ALR2d 1306.

examination or lie detector test once he has made a request for such a test; there is no requirement that such test be given to the defendant prior to his preliminary examination (MCL 776.21; MSA 28.1274[2]).

2. CRIMINAL LAW — EVIDENCE — POLYGRAPH TESTS.

The results of a polygraph examination are inadmissible in evidence in Michigan since polygraphs are not generally accepted as reliable by the scientific community.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Charles E. Grant,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: CYNAR, P.J., and BEASLEY and R. E. ROBINSON,* JJ.

PER CURIAM. Following a bench trial, defendant was found guilty of assault with intent to commit criminal sexual conduct involving sexual penetration. MCL 750.520g; MSA 28.788(7). He was placed on probation for a term of five years, the first year to be served in the Detroit House of Correction. Defendant appeals as of right.

Defendant was charged with molesting his five-year-old nephew, by placing his penis in the boy's mouth. It was alleged that defendant threatened to hurt the victim's mother if the boy told anyone about the act. There were no other eyewitnesses to this incident. However, Alex Wright testified that he was present during the time in question and helped the nephew wipe yellow sticky stuff and tiny curly hairs from the boy's mouth and chest area after the incident occurred.

* Retired circuit judge, sitting on the Court of Appeals by assignment.

On September 13, 1983, just prior to the preliminary examination, defense counsel requested that defendant be given a polygraph test so that if he passed the test a law enforcement officer could inform the victim's mother. Defense counsel asked that the preliminary examination be adjourned and defendant be allowed to take a polygraph examination. The examining magistrate refused to adjourn the preliminary examination and denied the request for a polygraph examination. After the preliminary examination, defendant was bound over for trial.

On October 28, 1983, the trial court granted defendant's motion for a polygraph test. However, the trial court denied defendant's motion to dismiss the information and remand for a new preliminary examination pending the results of the polygraph test. The order granting defendant's motion for a polygraph examination was entered about three weeks before the trial proceedings began. The record on appeal does not indicate whether defendant attempted to avail himself of a polygraph examination which was ordered at his request.

Defendant contends that the trial court erred by failing to grant defendant's motion for a polygraph test to be administered before the preliminary examination. We do not agree.

MCL 776.21; MSA 28.1274(2) provides as follows:

"(1) As used in this section:
"(a) 'Law enforcement officer' means a police officer of a county, city, village, township, or this state; a college or university public safety officer; a prosecuting attorney, assistant prosecuting attorney, or an investigator for the office of prosecuting attorney; or any other person whose duty is to enforce the laws of this state.
"(b) 'Victim' means a person who is a victim of a crime under sections 520b to 520e and 520g of Act No.

328 of the Public Acts of 1931, being sections 750.520b to 750.520e and 750.520g of the Michigan Compiled Laws.

"(2) A law enforcement officer shall not request or order a victim to submit to a polygraph examination or lie detector test. A law enforcement officer shall not inform a victim of the option of taking a polygraph examination or lie detector test unless the victim inquires concerning such a test or as provided by subsection (3).

"(3) A law enforcement officer shall inform the victim when the person accused of a crime specified in subsection (1)(b) has voluntarily submitted to a polygraphic examination or lie detector test and the test indicates that the person may not have committed the crime.

"(4) Subsections (2) and (3) apply only to a polygraph examination or lie detector test which is requested, ordered, or given in regard to a person being a victim.

"(5) A defendant who allegedly has committed a crime under section 520b to 520e and 520g of Act No. 328 of the Public Acts of 1931, shall be given a polygraph examination or lie detector test if the defendant requests it."

Under the provisions of MCL 776.21; MSA 28.1274(2), defendant had an absolute right to receive a polygraph test once he made a request for it.

The statute is silent about the time when the polygraph examination must be administered. In Michigan and other jurisdictions, the results of a polygraph examination are inadmissible in evidence because polygraphs are not generally accepted as reliable by the scientific community. *People v Barbara,* 400 Mich 352, 377; 255 NW2d 171 (1977).

Defendant had approximately three weeks between the time that the trial court ordered the polygraph test and the time that the trial proceedings began. For some reason defendant chose not

to avail himself of his right under the statute herein.

In our opinion, if the Legislature had intended that the polygraph tests must be given to a defendant prior to the preliminary examination, the language in the statute would have specifically so stated.

Affirmed.