COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

DONALD LLOYD MCGLASHEN,

   Defendant-Appellant.

UNPUBLISHED
October 23, 2014

No. 315430
Lapeer Circuit Court
LC No. 11-010614-FH

Before: FITZGERALD, P.J., and WILDER and OWENS, JJ.

PER CURIAM.

A jury convicted defendant of accosting a minor, MCL 750.145a, and the trial court sentenced defendant to 60 months' probation, with the first 270 days to be served in jail. Defendant appeals by delayed leave granted. We affirm.

The jury convicted defendant of accosting 14-year old KH at defendant's Lapeer home on April 4, 2010. Defendant was 54 years old at the time of the offense. On Easter Sunday, defendant's 18-year-old cousin, JK, and his two friends, KH and her 16-year-old brother, JL, went to defendant's house after church to fish and hang out. Ultimately, the boys left to go to the store, and KH stayed behind with defendant and watched a movie. During that time, defendant made sexual advances toward KH. KH eventually left defendant's home alone, flagged down a car and obtained a ride to JK's house. After KH explained to JK's parents what had happened, JK's parents took her home. KH's mother contacted the police. The police later interviewed defendant on two occasions during which defendant made incriminating statements. At trial, defendant denied any wrongdoing and the defense presented several witnesses who testified that KH had a reputation in the community for being untruthful.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecution failed to present sufficient evidence that he knew KH's actual age or that he intended for her to commit an immoral act, and that there was nothing to corroborate the allegations from KH, whose testimony defendant maintains was not credible. When ascertaining whether sufficient evidence was presented at trial to support a conviction, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). "[A] reviewing court is required to draw all reasonable

inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

MCL 750.145a provides:

> A person who accosts, entices, or solicits a child less than 16 years of age, *regardless of whether the person knows the individual is a child or knows the actual age of the child*, or an individual whom he or she believes is a child less than 16 years of age with the intent to induce or force that child or individual to commit an immoral act, to submit to an act of sexual intercourse or an act of gross indecency, or to any other act of depravity or delinquency, or who encourages a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age to engage in any of those acts is guilty of a felony[.] [Emphasis added.]

Because the statute does not define the phrase "immoral act," it is appropriate to consult a dictionary to determine the ordinary and accepted meaning of the term. *People v Haynes*, 281 Mich App 27, 29; 760 NW2d 283 (2008). *Random House Webster's College Dictionary* (2001) defines "immoral" as "violating moral principles" or "licentious; lascivious." "Licentious," in turn, is defined variously as "sexually unrestrained" and "going beyond customary or proper bounds or limits." *Id.* "Lascivious" means "inclined to lustfulness; wanton; lewd," "arousing sexual desire," or "indicting sexual interest or expressive of lust or lewdness." *Id.*

Viewed in a light most favorable to the prosecution, the evidence was sufficient to establish beyond a reasonable doubt that that defendant accosted KH for immoral purposes. It was undisputed that KH was 14 years old when the events occurred. Whether or not defendant knew her actual age is irrelevant under the statute. However, KH testified that she told defendant she was only 14 years old. KH also testified that defendant pulled her on top of him, placed his hands underneath her underwear, touching both her buttocks and vagina, and kissed her on her mouth, cheek, and neck. Defendant told KH that she "needed a real man," that "he wanted to eat [her] pussy so bad," and that he "would f*ck her so hard" if it was not illegal. From this evidence, the jury could reasonably conclude that defendant engaged in acts with the 14-year-old victim was that went "beyond customary or proper bounds or limits." Although defendant argues that KH was not credible and that there was nothing to corroborate her testimony, such challenges are related to the weight rather than the sufficiency of the evidence. *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). These same challenges were presented to the jury during trial. This Court will not interfere with the jury's role of determining issues of weight and credibility. *Wolfe*, 440 Mich at 514. Accordingly, the evidence was sufficient to support defendant's conviction.

## II. RIGHT TO PRESENT A DEFENSE

We reject defendant's claim that the trial court violated his constitutional right to present a defense by precluding defendant from presenting evidence that KH had previously made false accusations of rape. Whether a defendant was denied the constitutional right to present a defense is reviewed de novo. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002). However,

the decision to exclude evidence under the rape-shield statute, MCL 750.520j, is reviewed for an abuse of discretion. *People v Hackett*, 421 Mich 338, 349; 365 NW2d 120 (1984). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v Portellos*, 298 Mich App 431, 453; 827 NW2d 725 (2012).

A defendant has a constitutional right to present a defense. US Const, Am VI; Const 1963, art 1 § 20; *People v Adamski*, 198 Mich App 133, 138; 497 NW2d 546 (1993). However, he must still comply with procedural and evidentiary rules established to assure fairness and reliability in the verdict. See *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984); *People v Arenda*, 416 Mich 1, 8; 330 NW2d 814 (1982). As such, defendant's right to present a defense extends to only relevant and admissible evidence. *Hackett*, 421 Mich at 354. Defendant correctly notes that the rape-shield statute, MCL 750.520j, does not preclude the introduction of evidence to show that a victim has made prior false accusations of rape. *People v Grissom*, 492 Mich 296, 327-328; 821 NW2d 50 (2012); *Hackett*, 421 Mich at 348. In order for such evidence to be admissible, however, the defendant must make an offer of proof with "concrete evidence" that the victim made a prior accusation of sexual abuse that was false. *Hackett*, 421 Mich at 348, 350; *People v Williams*, 191 Mich App 269, 272-274; 477 NW2d 877 (1991).

At the preliminary examination, KH denied making any false accusations of rape. Before the start of trial, defendant was given the opportunity to demonstrate factual support for this claim, but he was unable to offer any competent evidence that KH had previously made false accusations of rape. Defendant presented evidence that KH had made general apologetic comments in May 2010 but, as accurately observed by the court, the statements did not refer to sexual conduct and the nonspecific statements could have easily applied to a number of different subjects or situations. Because KH's alleged statements were not "concrete evidence" of false accusations of rape, the trial court did not err by prohibiting defendant from further inquiry. Defendant's proposed questions amounted to a "fishing expedition," which is improper under the rape-shield statute. See *Williams*, 191 Mich App at 273-274. The trial court's ruling did not preclude defendant from otherwise presenting a defense and challenging KH's credibility. Defense counsel was allowed to ask KH and a church pastor who testified for the defense if KH made the general remorseful statements. In addition, the defense presented several witnesses who testified that KH had a reputation in the community for being a liar. Defense counsel also elicited from two prosecution witnesses that KH had a reputation for being untruthful. Consequently, defendant's contention that he was deprived of the opportunity to present a defense is without merit.

## III. THE PROSECUTOR REMARKS

Defendant next argues that a new trial is required because the prosecutor made a series of remarks that denigrated defense counsel and appealed to the sympathies of the jury in his rebuttal closing argument. Again, we disagree. Because defendant did not object to the prosecutor's remarks at trial, his claims of prosecutorial misconduct are unpreserved and our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999). We will not reverse if the alleged prejudicial effect of the prosecutor's conduct could have been cured by a timely instruction. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001).

A prosecutor may not personally attack the credibility of defense counsel or suggest that defense counsel is intentionally attempting to mislead the jury. *People v Dalessandro*, 165 Mich App 569, 580; 419 NW2d 609 (1988). The jury's focus must remain on the evidence, and not be shifted to the attorneys' personalities. *Id*. A prosecutor also may not appeal to the jury to sympathize with the victim. *Watson*, 245 Mich App at 591. However, prosecutors have great latitude when arguing at trial, *People v Fyda*, 288 Mich App 446, 461; 793 NW2d 712 (2010), and they need not state their inferences in the blandest possible language. *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). An otherwise improper remark might not warrant reversal if the prosecutor is responding to the defense counsel's argument. *Id*. at 64.

Here, the challenged remarks were responsive to defense counsel's closing argument, during which counsel repeatedly suggested to the jury that the prosecutor was desperate, telling lies, and was attempting to "palm" something off, engaging in theatrics and "made-up testimony," and "twist[ed] [evidence] around." Considering the responsive nature of the remarks, and that they were made during rebuttal argument, drew no objection, and were made during a vigorous adversarial proceeding, they did not improperly shift the jury's focus from the evidence to defense counsel's personality, or ask the jury to convict based on sympathy. It appears that the remarks were intended to refocus the jury on the evidence against defendant. The prosecutor's rebuttal argument otherwise conveyed his contention that, in light of the evidence, the defense's theory of the case was a pretense and ignored the evidence. Viewed in this context, the prosecutor's remarks were not clearly improper.

Moreover, a timely objection to the challenged remarks could have cured any perceived prejudice by obtaining an appropriate cautionary instruction. See *Watson*, 245 Mich App at 586. And even though defendant did not object, the trial court instructed the jury that the lawyers' statements and arguments are not evidence, that the jury was to decide the case based only on the properly admitted evidence, and that the jury was to follow the court's instructions. These instructions were sufficient to dispel any possible prejudice and to protect defendant's substantial rights. *People v Long*, 246 Mich App 582, 588; 633 NW2d 843 (2001). It is well established that jurors are presumed to follow their instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Defendant has failed to establish that the prosecution's conduct denied him a fair trial.

We also reject defendant's related argument that defense counsel was ineffective for failing to object to the prosecutor's remarks during rebuttal closing argument. Because the prosecutor's remarks were not clearly improper, defense counsel's failure to object was not objectively unreasonable. *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). Further, because the trial court's instructions adequately protected defendant's rights, defendant cannot demonstrate a reasonable probability that, but for counsel's failure to object, the result of the proceeding would have been different. *Id*.

## IV. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4. Defendant failed to raise most of his additional claims below, leaving those issues unpreserved and limiting our review to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

-4-

## A. PERJURED TESTIMONY

Defendant highlights instances where KH's trial testimony differed from her preliminary examination testimony, or was contradicted by other witnesses, to argue that the prosecutor knowingly used perjured testimony. However, the inconsistencies listed by defendant do not establish that the prosecutor knowingly used perjured testimony to obtain defendant's conviction. *People v Gratsch*, 299 Mich App 604, 619; 831 NW2d 462 (2013) vacated in part on other grounds 495 Mich 876 (2013); *People v Parker*, 230 Mich App 677, 690; 584 NW2d 753 (1998). Although some of the details of KH's trial testimony differed from her preliminary examination testimony, there is no indication that the prosecutor sought to conceal these inconsistencies from defendant. In fact, the prosecutor noted some of the inconsistencies during trial, and at one point KH admitted to not always recalling certain smaller details. Additionally, testimony that conflicts with other witnesses' testimony does not lead to the conclusion that the prosecutor knowingly used perjured testimony. The prosecution is not obligated to disbelieve its own witness merely because the witness's testimony is contradicted by testimony from another witness. See *People v Lester*, 232 Mich App 262, 278-279; 591 NW2d 267 (1998), overruled in part on other grounds in *People v Chenault*, 495 Mich 142; 845 NW2d 731 (2014). Defendant's argument does not involve an issue of perjury, but of credibility. Defense counsel fully explored the credibility problems with KH's testimony as well as other prosecution witnesses. The jury was free to either believe or disbelieve their trial testimony. See *Wolfe*, 440 Mich at 514.

## B. THE RAPE-SHIELD ACT

We reject defendant's argument that the prosecutor and the trial court fraudulently applied the rape-shield statute. The trial court accurately observed that the rape-shield statute does not preclude evidence that a sexual assault victim made prior false accusations of rape, and the court held a hearing to determine whether there was any admissible evidence that KH had previously made false accusations of rape. The court considered defendant's offer of proof, but concluded that he failed to present any competent evidence that KH had made any false accusations. Defendant has not presented any argument or evidence on appeal to demonstrate that the trial court's ruling was an abuse of discretion. In fact, his statements in his Standard 4 brief support that the trial court's ruling was correct. For these same reasons, defendant's belated and unsupported claim that the trial court conspired with the prosecutor to "cover up" KH's "fraudulent sex charges" also lacks merit.

## C. ENTRAPMENT DEFENSE

Defendant's entrapment argument is misplaced. Defendant appears to argue that the police entrapped him into making a statement by leading him to believe that he would have a polygraph test. "Entrapment occurs if (1) the police engage in impermissible conduct that would induce an otherwise law-abiding person to commit a crime in similar circumstances or (2) the police engage in conduct so reprehensible that the court cannot tolerate it." *People v Vansickle*, 303 Mich App 111, 115; 842 NW2d 289, 293 (2013) (citation omitted). Here, there is no evidence, and defendant does not argue, that the police engaged in conduct that impermissibly induced the charged criminal activity against KH. Defendant's argument that he was induced to speak to the police afterward does not support a defense of "entrapment."

The record also fails to support defendant's related argument that his statutory right to a polygraph test was violated. MCL 776.21(5) provides that "[a] defendant who allegedly has committed" a crime involving criminal sexual conduct "shall be given a polygraph examination or lie detector test *if the defendant requests it*." (Emphasis added.) Under this statute, a defendant has an "absolute right to receive a polygraph test once he ma[kes] a request for it." *People v Rogers*, 140 Mich App 576, 579; 364 NW2d 748 (1985). Here, defendant has not identified any record support for his suggestion that he requested a polygraph examination. Although he refers to an unredacted copy of a May 7 letter that he gave to the police, the letter merely states: "Perfectly pleased to take a polygraph regarding anything written here." The letter did not request a polygraph test, but only expressed a willingness to submit to one. Further, the June 9 police report on which defendant also relies merely states that defendant "agreed to proceed with a polygraph exam[.]" Defendant has not submitted any evidence showing that he actually requested a polygraph examination. By failing to request a polygraph test before his conviction, defendant waived his right to a polygraph test. See *People v Phillips*, 469 Mich 390, 396; 666 NW2d 657 (2003).

Further, MCL 776.21(5) is for the purpose of assisting in investigation of crimes and possibly avoiding the need for a trial, not for the purpose of developing evidence to use at a trial. *Phillips*, 469 Mich at 395 n 3. The results of a polygraph test, no matter what those results might be, would not be admissible at trial. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). According to the June 9 police report, the police made the decision "not to continue with an actual polygraph exam" based on statements defendant made during a pre-polygraph interview. Thus, even if defendant had requested a polygraph test, there is no indication that the charges would have been dismissed, even if defendant had passed the test.

## D. FRAUD AND CONSPIRACY

From what we can discern, defendant argues that the police, the prosecutor, and the trial court all conspired together and engaged in fraud to wrongly bring charges against him, bind him over for trial, extort money from him, and support a non-credible witness.

## 1. THE PROSECUTOR CHARGING DEFENDANT

"[T]he decision whether to bring a charge and what charge to bring lies in the discretion of the prosecutor." *People v Venticinque*, 459 Mich 90, 100; 586 NW2d 732 (1998). The prosecutor has broad discretion to bring any charge supported by the evidence. *People v Nichols*, 262 Mich App 408, 415; 686 NW2d 502 (2004). A prosecutor abuses his discretion only if "a choice is made for reasons that are 'unconstitutional, illegal, or ultra vires.' " *People v Barksdale*, 219 Mich App 484, 488; 556 NW2d 521 (1996). Here, the facts, including defendant's own incriminating statements, support the prosecutor's decision to charge defendant with accosting a minor, and assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1). Defendant does not offer any valid information suggesting that the charge was brought for an unconstitutional, illegal, or other improper reason. Accordingly, we reject this claim of error.

## 2. DEFENDANT'S BINDOVER

-6-

Generally, a district court's decision to bind a defendant over to circuit court for trial is reviewed to determine whether the district court abused its discretion in making its decision. *People v Waltonen*, 272 Mich App 678, 683; 728 NW2d 881 (2006). Defendant ignores that "the level of proof at the preliminary examination stage does not require positive proof of guilt, but only some evidence of each element" of the charged crime. *People v Oliver*, 170 Mich App 38, 44; 427 NW2d 898 (1988), mod 433 Mich 862 (1989). Moreover, "[i]f a defendant is fairly convicted at trial, no appeal lies regarding whether the evidence at the preliminary examination was sufficient to warrant a bindover." *People v Wilson*, 469 Mich 1018; 677 NW2d 29 (2004). See also *People v Bennett*, 290 Mich App 465, 481; 802 NW2d 627 (2010). Here, defendant's argument fails because, as discussed in section I, *supra*, sufficient evidence at trial supported his conviction, and there is no indication that he was otherwise prejudiced by the claimed error. *People v Hall*, 435 Mich 599, 601-603; 460 NW2d 520 (1990). Consequently, defendant has failed to state a cognizable claim on appeal regarding the sufficiency of the evidence at the preliminary examination.

### 3. KH'S COMPETENCY TO TESTIFY

We review the trial court's decision regarding the competency of a witness for an abuse of discretion. *Watson*, 245 Mich App at 583. Michigan courts presume that all witnesses are competent to testify. *Id.*; see also MRE 601. This presumption may be rebutted on a "showing that the witness does not have the capacity or sense of obligation to testify truthfully or understandably." *People v Coddington*, 188 Mich App 584, 597; 470 NW2d 478 (1991). Here, the trial court observed that there was nothing to rebut that KH was competent to testify, and the court's finding is consistent with the trial transcript. It is clear from the record that KH was able to understand the questions posed to her and give direct answers to them. The credibility of her testimony was for the jury to resolve. The trial court did not abuse its discretion in determining that KH was competent to testify.

### 4. CONSPIRACIES AGAINST DEFENDANT

Defendant contends that the police were involved in a conspiracy to convict him. He asserts, for example, that the police stole one of his original handwritten notes and digitally erased the word "neck." Defendant has failed to offer any actual evidence supporting his claims of police misconduct or alteration of evidence. As the appellant, defendant is required to do more than merely announce his position and leave it to this Court to discover and rationalize the basis for his claim. *Goolsby v Detroit*, 419 Mich 651, 655 n 1; 358 NW2d 856 (1984). Defendant's unsupported speculation is insufficient to support a claim for appellate relief.

Defendant's additional conspiracy claim—that the prosecutor and the trial court conspired to extort money from him—also lacks any record support. The portion of the record that defendant cites in support of this claim indicates that defendant belatedly requested an adjournment of trial and asked the court what costs would be associated with this request. The prosecutor provided the calculated costs for the victim's and her mother's airfare and housing because they no longer lived in Michigan, and the court added the costs of the jurors for half a day. After a discussion, defense counsel agreed to the costs and the trial court adjourned trial. *Black's Law Dictionary* (9th ed.) defines "extort" as "[t]o gain by wrongful methods; to obtain in an unlawful manner; to exact wrongfully by threat or intimidation." There is no support for

defendant's claim that this situation involved an "extortion scheme." Indeed, by expressly requesting the adjournment with costs and affirmatively agreeing to the amount, defendant has waived any claim that he was unfairly charged the agreed upon amount. *People v Carter*, 462 Mich 206, 214-216; 612 NW2d 144 (2000). A waiver extinguishes any error, leaving no error to review. *Id*. at 216.

E. INEFFECTIVE ASSISTANCE OF COUNSEL

Because defendant failed to raise any of his ineffective assistance of counsel claims in the trial court in connection with a motion for a new trial or request for an evidentiary hearing, our review of these claims is limited to mistakes apparent from the record. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). To establish ineffective assistance of counsel, defendant first must show that counsel's performance fell below an objective standard of reasonableness. In doing so, defendant must overcome the strong presumption that counsel's assistance was sound trial strategy. Second, defendant must show that, but for counsel's deficient performance, it is reasonably probable that the result of the proceeding would have been different. *Armstrong*, 490 Mich at 289-290. Effective assistance of counsel is presumed and defendant bears a heavy burden of proving otherwise. *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994); *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). "Reviewing courts are not only required to give counsel the benefit of the doubt with this presumption, they are required to 'affirmatively entertain the range of possible' reasons that counsel may have had for proceeding as he or she did." *People v Gioglio (On Remand)*, 296 Mich App 12, 20; 815 NW2d 589 (2012), vacated in part on other grounds 493 Mich 864 (2012). "[A] reviewing court must conclude that the act or omission of the defendant's trial counsel fell within the range of reasonable professional conduct if, after affirmatively entertaining the range of possible reasons for the act or omission under the facts known to the reviewing court, there might have been a legitimate strategic reason for the act or omission." *Id*. at 22-23.

Defendant makes several claims about what defense counsel should have done and did not do, including her failure to investigate the case in the manner that defendant has done so to prepare his Standard 4 brief. Defendant has not overcome the strong presumption that defense counsel's performance was within the range of reasonable professional conduct. *Gioglio*, 296 Mich App at 20. Counsel's decisions about what arguments to make and what evidence to present are matters of trial strategy. *People v Rockey,* 237 Mich App 74, 76; 601 NW2d 887 (1999). Counsel has wide discretion in matters of trial strategy. *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Nothing in the record before this Court supports defendant's contentions that there was a government conspiracy against him, evidence tampering, a polygraph scam, or an extortion agreement. Therefore, counsel's reasons for not pursuing those claims cannot be considered objectively unreasonable. *Gioglio*, 296 Mich App at 22.

Although defendant argues that defense counsel was ineffective for failing to "aggressively argue for a motion for dismissal," he acknowledges in his Standard 4 brief that counsel did in fact move for dismissal. In addition, the record shows that defense counsel made a competent argument for dismissal, but simply did not have the facts to support dismissal of the

charges.  There is no merit to defendant's argument that defense counsel performed in an objectively unreasonable manner.  *Armstrong*, 490 Mich at 289-290.  Contrary to defendant's claim, defense counsel was not required to take any further action to preserve for appeal any challenge to the trial court's denial of the motion.  Defendant's claim that defense counsel should have included a challenge to subject-matter jurisdiction in the motion equally lacks merit.  "Subject-matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of the case."  *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011) (citations omitted).  The circuit court plainly has jurisdiction to hear and try criminal cases.  MCL 600.601; MCL 767.1.  "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel."  *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

The record also fails to support defendant's claim that defense counsel was ineffective for not introducing evidence that KH made prior false accusations of rape, or by failing to cross-examine her about those accusations.  As discussed in issue II, *supra*, defendant failed to present any competent proof that KH made a prior false accusation.  Therefore, defense counsel could not have cross-examined her on that matter.  See *Williams*, 191 Mich App at 273-274.

Defendant makes additional cursory complaints, without any proper analysis, about what counsel failed to do.  As previously noted, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."  *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).  "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue."  *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004).  Consequently, defendant's remaining claims of ineffective assistance of counsel are abandoned.  *Id*.

Affirmed.

/s/ E. Thomas Fitzgerald
/s/ Kurtis T. Wilder
/s/ Donald S. Owens